## CIRCUIT COURT OF GLOUCESTER COUNTY

Concerned Residents
of Gloucester County,
Matthew James Owens, Jr.,
and Wendy L. Swan

v.

Gloucester County Board of Supervisors
and Waste Management Disposal Services
of Virginia, Inc.

July 20, 1993

Case No. 93-6726

BY JUDGE JOHN W. WINSTON

Having now considered the Plaintiff's Bill of Complaint and Amended Bill of Complaint (the latter adding the name of Wendy L. Swan as a plaintiff with the Court's prior permission and over Defendant's objection), the Demurrers filed by each Defendant to each Count of the Complaints, the Motion for Summary Judgment filed by Plaintiffs, the legal memoranda with authority and precedent relied upon, and oral argument of counsel presented at the hearing on July 2, 1993, the Court will now rule on the issues before it.

First, the issue of Plaintiffs' standing to file this equity action and to litigate this matter must be resolved in favor of each one. These County residents and taxpayers, acting either as a group or individually, have standing to attack the alleged unauthorized appropriation and unlawful use of public (county) funds by the Gloucester Board of Supervisors, whether their properties are immediately adjacent to the contested landfill or not. *Gordon v. Supervisors*, 207 Va. 827 (1967); *Armstrong v. Henrico County*, 212 Va. 66 (1971).

The Court now turns to the substantive issues presented by the parties. Let it first be very clearly understood, however, that the wisdom and

judgment of the members of the Board of Supervisors in voting to enter into this landfill contract with Waste Management is *not* an issue for judicial resolution here. That call may only be challenged and dealt with by the voters of Gloucester County in future Board elections. For the heat apparently generated by their landfill decision can only be dissipated in that manner if the majority of the current Board members acted within their legal authority in making it.

The Plaintiffs charge that the Contract entered into with Waste Management (1) binds future Boards to pay money over the next twenty years, in violation of the Constitution and statutes of Virginia, (2) was adopted in violation of the Virginia Freedom of Information Act, (3) confers unlawful privileges upon Waste Management, (4) violates the Virginia Public Procurement Act, (5) barters away the Board's legislative and police powers, and (6) illegally alienates County property.

Being in need of a new landfill to receive the solid waste continually generated by Gloucester County and its residents, the current Board of Supervisors authorized the solicitation of bids from private operators to develop, permit, construct, and operate a new solid waste landfill area in the County for that purpose. The RFP (Request for Proposal) No. 93-020 was circulated in December, 1992, subject to appropriate modification during negotiations with the offerer who responded. All of the procedures required by the Virginia Public Procurement Act, Va. Code § 11-35 *et seq.* were followed, and the Board executed a non-professional services contract with offerer Waste Management Disposal Services of Virginia, Inc., on April 6, 1993. Code § 11-37 defines "Competitive Negotiation"(3)(b) and "Nonprofessional Services," the method followed here to arrive at the contract.

My review of the various Contract documents (the RFP, the Waste Management proposal in reply, the option to buy, the lease agreement, the Contract into which these legal documents are incorporated by reference) and of the cited applicable law does not disclose any violations by the Board of Supervisors of any of the provisions of the Virginia Constitution or of the Virginia statutes relied upon by the plaintiffs here that permit this Court to declare this Contract unconstitutional or illegal or void, either in whole or in part.

Thus, the Court finds that the Board of Supervisors entered into this Agreement without acting illegally or improperly as charged by plaintiffs. Again their relief, if any, must originate at the ballot box. For those rea-

sons, the Demurrers are sustained without leave to amend, and the Motion for Summary Judgment is denied, and this suit will be ordered dismissed with prejudice, all over the vigorous objection of each of the plaintiffs.